IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY B. ROGERS                                                                                    PLAINTIFF

v.                                         Civil No. 2:17-CV-02051

SHERIFF BILL HOLLENBECK,                                                                    DEFENDANTS
CAPTAIN JOHN MILLER, and
DEPUTY BRITLEY FLORENCE

## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 29).

### I. BACKGROUND

Plaintiff filed his Complaint on March 31, 2017. (ECF No. 1). He alleges Defendants failed to protect him from an assault by other inmates while he was incarcerated in the Sebastian County Detention Center (SCDC). (ECF No. 1 at 4-7). Specifically, Plaintiff alleges he was assaulted with a laundry bag "loaded with a mop bucket wheel" while he was sleeping on March 7, 2017. (*Id*. at 4). He alleges Defendant Florence failed to secure the cell doors and failed to inspect the cleaning supplies for missing pieces. (*Id*.). Plaintiff alleges the cell doors were customarily left unsecured, the cleaning supplies were left in the pod, and assistance did not arrive until Defendant Florence had him out of the cell and into the hall. (*Id*. at 5).

Plaintiff alleges Defendant Hollenbeck did not ensure that his deputies followed SCDC protocol and policies. (*Id*. at 5-6). Plaintiff alleges Defendant Miller did not ensure that his deputies were doing their jobs and following SCDC protocol and policies. (*Id*. at 6).

Plaintiff proceeds against all Defendants in their official capacity alone for all claims. (*Id*. at 4-6).

1

Plaintiff filed a Supplement to his Complaint on May 26, 2017, clarifying his request for damages and emphasizing that he was suing Defendants only in their official capacity. (ECF No. 12).

Defendants filed their Motion for Summary Judgment on November 20, 2017. (ECF No. 29). On November 27, 2017, the Court entered an Order directing Plaintiff to file his Response to the Motion by December 18, 2017. (ECF No. 32). Plaintiff filed his Response on December 18, 2017. (ECF No. 36).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

There is no dispute that Plaintiff was seriously injured on March 7, 2017. (ECF No. 30 at 4 n.1). Defendants argue, however, that summary judgment should be granted in their favor for the following reasons: (1) Plaintiff proceeds only in the official capacity against Defendants and has provided no proof of any unconstitutional Sebastian County policy or custom; (2) even if one were to consider a personal capacity claim, there is no evidence of deliberate indifference; and, (3) alternatively, there was no personal involvement by Defendant Hollenbeck or Miller. (ECF No. 30 at 2-6).

Plaintiff argues that if Defendant Florence had been performing his duties correctly and watching the camera screens for his housing pod, he would not have been assaulted, or the assault could have been stopped sooner. (ECF No. 36 at 1). Plaintiff argues Defendant Miller was negligent and violated SCDC policies by not having officers check cleaning supplies in and out, not having officers stay in the area while inmates are cleaning, and not keeping records of the officer responsible for doing the checks. (*Id*. at 3). Plaintiff argues Defendant Hollenbeck delegates most day to day activities to subordinates. (*Id*.).

Plaintiff has expressly stated that he wishes to pursue only an official capacity claim against Defendants. (ECF No. 12). Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116

> L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914.

To prevail on his failure to protect claim, Plaintiff must satisfy a two-prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm"; and, (2) show that the prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id*. The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmers,* 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it."[1] *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Furthermore, "[c]laims under the

---

[1] At his deposition, Plaintiff's description of the incident could only be characterized as a surprise attack. He testified he "had no idea" that anyone was planning on beating him up. (ECF No. 31-2 at 14). He further testified that, while he was sure there were people who did not like him, he could not point one of them out face to face. The attack was a shock to him. (*Id.*). In response to a question, he agreed that he did not know of any reason why anybody would have beat him up that morning. (ECF No. 31-2 at 26). Thus, even if Plaintiff had brought a personal capacity claim, the prison officials would have been entitled to qualified immunity. *See Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995) (prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another, even when officials knew the attacking inmate may be dangerous or violent).

4

Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff has failed to provide any evidence that a custom or policy of SCDC violated his constitutional rights by failing to protect him from other inmates. To the contrary, he alleges it was the failure of Defendants to follow SCDC policies which resulted in his injuries. In his deposition testimony he repeatedly stated it was the violation of SCDC policy and procedure which resulted in his injuries.[2] (ECF No. 31-2 at 6, 15, 17, 28).

Defendants provided evidence of a written SCDC policy which states that the control room which houses the television monitoring devices will be staffed at all times. (ECF No. 31-1 at 79). They also provided a written policy which states that cleaning supplies will be used under supervision and all materials will be returned to deputies after use. (*Id*. at 84).

A custom conflicting with a written policy can support an official capacity claim. *Johnson v. Douglas County Med. Dept.*, 725 F.3d 825, 829 (8th Cir. 2013). However, to establish the existence of such a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and,
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828. Under this standard, "multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently

---

[2] "[I]f they would have just done their jobs and followed policies and procedures, none of this would have happened." (ECF No. 31-2 at 17).

5

long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.*

Although Plaintiff's kiosk entry history indicates he made frequent use of the kiosk to submit requests and complaints, there is no evidence that he made any entries complaining about policy violations concerning cleaning supplies remaining in the pods or any other policy violations which placed his safety at risk. (*Id.* at 28-46). Plaintiff did not provide any evidence that there was a pattern of misconduct or that Defendants had any notice of such misconduct. Although the single incident resulting in his injuries was unfortunate, it is not sufficient to establish an SCDC custom conflicting with written policy. *See Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991) ("a single deviation from a written, official policy does not prove a conflicting custom or usage").

Defendants are therefore entitled to summary judgment at a matter of law regarding Plaintiff's failure to protect claim.

For these reasons, IT IS ORDERED that Defendants' Motion for Summary Judgment (ECF No. 29) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 2nd day of July 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE